SAMUEL CHADWICK, *Adm'r, versus* INHABITANTS OF PORTLAND.

The promissory note of a town given for money borrowed, with interest payable semi-annually, the principal " to be redeemable at the pleasure of the town after ten years from date," should not be so construed as to give to the town the right to retain the money perpetually ; the design and intention of the restriction being to limit the right to pay the note until the ten years had expired. And, after the expiration of the ten years, the payee may legally enforce payment. — HATHAWAY, APPLETON, and CUTTING, J. J., dissenting.

REPORTED by DAVIS, J., April Term, 1855.

ASSUMPSIT upon a writing, of which the following is a copy : —

"Town Treasurer's Office. — Portland, Dec. 14, 1830.

"For $3000. — Value received, I, Charles B. Smith, Treasurer of the town of Portland, by virtue of a vote passed by said town on the 12th day of October, 1829, authorizing the town treasurer to hire a sum not exceeding three thousand dollars for the purpose of erecting an addition to the Alms House, promise to pay William Chadwick, or his order, the sum of three thousand dollars, with interest thereon till paid, at four and one-half per cent. per annum, payable semi-annually, and the said three thousand dollars to be redeemable at the pleasure of the town after ten years from the date hereof.

(Signed) "Charles B. Smith, *Town Treasurer of said Portland.*"

The writ is dated Dec. 17, 1856.   Payment of the note was demanded Oct. 31, 1856.

When the action was instituted, the interest for six months was unpaid; but the question controverted was whether, by the terms of the note, the plaintiff was entitled to recover the principal.

*Rand*, for the plaintiff, argued that the paper declared upon, not being made payable at a time certain, cannot be regarded in law as a promissory note, but rather as a contract between the parties for the payment of money.

And the simple question is when is this money to be paid?   Is it ever to be paid?   What contract did the parties make in the eye of the law?

That the defendants borrowed, and now owe the money; and that it was the understanding and intention of both parties that it should be paid *at some time,* we think cannot be doubted.

The present plaintiff is an administrator, and is desirous of ascertaining from the Court, whether this money due his intestate is ever to be paid, and the estate settled.

And it is submitted, that the true and proper legal construction of the contract is, that the money is payable *in a reasonable time after the expiration of ten years from date.*   It will be said on behalf of the defendants, that the parties made their own contract, and agreed that the money should only be paid " at the pleasure of the town after ten years from date."   Such were the words used; but, surely, it cannot be claimed, that it was the intention and understanding of the parties that the payment should depend upon *the mere "pleasure* of the town;" and never be paid if it was the pleasure of the town *not to pay;* or never be paid *unless* it was the "pleasure of the town" *to pay.*   Surely, even such contracts as this are to receive a reasonable, and not a suicidal construction,—" *ut res magis valeat quam pereat.*"

The defendants have kept this money for twenty-eight years at four and one-half per cent. interest; a reasonable time

after the expiration of ten years from date has long since elapsed; payment has been requested, and refused; and it is submitted, that upon a reasonable construction of the written contract, the plaintiff, as administrator, is entitled to recover.

*Fox*, for the defendants, argued, that no legal obligation was created by this contract which can be enforced as to the principal; only as to the interest.

It is payable at the pleasure of the town. *Nelson* v. *Von Bonhorst & al.*, Penn. American Law Register, December, 1857, January, 1858; *Barnard & al.* v. *Cushing & al.*, 4 Met. 230.

The opinion of the Court was delivered by

MAY, J.—The whole difficulty, in the construction of the note in suit, arises from its last clause, which is in these words, " and the said three thousand dollars," (this being the amount of money loaned,) " to be redeemable at the pleasure of the town, after ten years from the date hereof." Without these words, the note, in its legal effect, would have been payable on demand. The payee could have enforced its payment when he pleased, or the defendants could have made a legal tender at pleasure which the payee could not rightfully have refused. We are therefore of opinion that the design and object of the clause under consideration, was not to enable the defendants to retain the money borrowed perpetually, *ad libitum;* but it was inserted in the note for the purpose of restricting the defendants from making payment *until after ten years.* The language is adapted to show that *after* ten years the right to pay the principal should exist, and by a strong and binding implication, that it should not exist before. Such being the purpose of the clause, it is found to contain nothing to prevent the plaintiff from instituting this suit when he did. After the restriction upon the defendants had ceased to operate, then the note was in the same condition as if such restriction had never been inserted. It had performed its office,

and both parties were then left to enforce their rights in the same manner as if the note were payable on demand. If the restriction had not been inserted such would have been their condition from the date of the note.

This case is wholly unlike the cases cited in defence. In that cited from the American Law Register, vol. 6, p. 151, *Nelson, in Error,* v. *Von Bonhorst & al.,* the instrument declared on, in the original action, contained no promise, on the part of the defendant, other than to pay *whenever, in his opinion, his circumstances should be such as to enable him so to do;* and, in that cited from 4 Met. 230, *Barnard & al.* v. *Cushing & al.,* the payees of the note at the time it was made, and as a part of the transaction, indorsed a promise thereon *not to compel payment thereof, but to receive the amount when convenient for the maker to pay it.* In both these cases it was held that no action could be maintained. Neither contract contained any legal obligation at all, because the debtor in each case, in effect, reserved to himself the entire control of all remedies against him. To be sure there was, in form, an agreement to pay, but the right to enforce payment was, by mutual consent expressly withheld; and thus the obligation was merely a moral one. The language in both cases was too unequivocal to admit of any other construction. In the present case, we find no such difficulty. The note is susceptible of a reasonable construction, and such as will give legal efficacy to the promise contained in it, which is expressly *to pay the principal, or money borrowed,* as well as the interest at the rate agreed. According to the agreement of the parties, judgment is to be entered for the plaintiff, for the sum of three thousand dollars and the interest due thereon.

*Defendants defaulted.*

TENNEY, C. J., and RICE, GOODENOW, and DAVIS, J. J., concurred.

CUTTING, J., dissenting. — This case involves the construction of the final clause in the instrument declared on, viz. —

"and the said three thousand dollars to be redeemable at the pleasure of the town after ten years from the date hereof."

After the ten years have elapsed, it seems to have been the pleasure of the legal representative of the promisee, that the principal should be paid.   Otherwise, as to the promisor. Hence, the institution of the present suit, in order to ascertain *judicially*, whose pleasure is to control; whether that of the promisee or promisor.   And while the parties, by written, unequivocal language, say the latter, the opinion of a majority of this Court says the former.   Such a construction, if it is to be regarded in Westminster Hall as law, might shake the British throne; for, as remarks an elementary writer,—"the national debt of England consists chiefly in stocks *redeemable at the pleasure* of the government."

I shall commiserate the responsibility of the too credulous barrister, whenever his citation of an American common law decision is held treasonable in England.

HATHAWAY and APPLETON, J. J., concurred.